**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

John Cesario, *et al.*,

Plaintiffs,

vs.

Vistagen Therapeutics Inc., *et al.*,

Defendants.

Case No. 2:26-cv-01128-RFB-MDC

**ORDER FOR PLAINTIFFS TO SHOW CAUSE ON WHY THIS ACTION SHOULD NOT BE DISMISSED AND DENYING MOTIONS AS MOOT AND WITHOUT PREJUDICE (ECF NOS. 9, 17)**

In this action, *pro se* plaintiffs attempt to assert shareholder derivative claims against defendants. As explained below, plaintiffs cannot maintain derivative claims *pro se*. Additionally, plaintiffs have not complied with this Court's rules and directives and filed any required proof of service upon defendants. Accordingly, plaintiffs are **Ordered To Show Cause**, if any, why this action should not be dismissed as directed below. Nominal defendant Vistagen Therapeutics Inc.'s *Motion to Require Bond* (ECF No. 9) ("Bond Motion") and plaintiffs' *Motion for Extension* (ECF No. 17) ("Extend Motion") to respond to the Bond Motion are also **DENIED** as moot and without prejudice.

**DISCUSSION**

District courts have the power and duty to examine jurisdictional issues, such as standing, *sua sponte*. *Bernhardt v. Cnty. of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2002). "It is well established that the privilege to represent oneself pro se provided by [28 U.S.C.] § 1654 is personal to the litigant and does not extend to other parties or entities." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). Therefore, *pro se* litigants may not assert derivative claims on behalf of a corporation. *Romman ex rel. Yuhe Int'l, Inc. v. Zhentao Gao*, No. 2:11-CV-01178-MMD, 2013 WL 1811972, at *1 (D. Nev. April 29, 2013). As *Romman* explains, "the right to bring a shareholder's derivative suit is that of the corporation; the shareholder is simply the corporation's representative.... [B]ecause a corporation must be represented by counsel, the representative-shareholder must similarly be represented." *Id.* (citations omitted). Therefore, plaintiffs cannot maintain this derivative action *pro se*.

Moreover, plaintiffs did not comply with the Court's 07/14/26 Notice (ECF No. 8) and have not filed any proof of service regarding defendants. Plaintiffs' Complaint (ECF No. 1) was filed on April 10, 2026, and their Amended Complaint (ECF No. 3) was filed on May 5, 2026. Federal Rule of Civil Procedure 4(m) provides, in part, that "[if] a defendant is not served within 90 days after the complaint is filed, the court − on motion or on its own after notice to the plaintiff − must dismiss the action without prejudice...." *Id.*

In sum, there are two reasons why plaintiffs' action may be dismissed. First, plaintiffs cannot maintain this derivative action *pro se.* Second, plaintiffs have not filed any proofs of service. The Court will give plaintiffs an opportunity to cure and address these two concerns.

Plaintiffs have until **October 23, 2026**, to accomplish both of the following tasks: (1) retain counsel and have counsel file a Notice of Appearance on their behalf; and (2) file a brief in response to this order showing cause, if any, why this action should not be dismissed for failure to file proofs of service. If counsel does not appear on behalf of plaintiffs or plaintiffs fail to show cause by October 23, 2026, the Court will dismiss the action.

Given the foregoing, the Court also denies nominal defendant Vistagen Therapeutics Inc.'s Bond Motion and plaintiffs' Extend Motion to respond to the Bond Motion as moot and without prejudice.

ACCORDINGLY,

**IT IS ORDERED that:**

1. By **October 23, 2026**, plaintiffs shall: (1) retain counsel and have counsel file a notice of appearance on their behalf; and (2) file a brief in response to this order showing cause, if any, why this action should not be dismissed for failure to file proofs of service. If plaintiffs fail to timely comply with the Court's directives, the Court will dismiss this action.

2. Nominal defendant Vistagen Therapeutics Inc.'s *Motion to Require Bond* (ECF No. 9) and plaintiffs' *Motion for Extension* (ECF No. 17) to respond to the Bond Motion are **DENIED** as moot and without prejudice.

DATED: September 23, 2026.

IT IS SO ORDERED.

Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).