**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| John Cesario, *et al.*,<br><br>Plaintiffs,<br>vs.<br><br>Vistagen Therapeutics Inc., *et al.*,<br><br>Defendants. | Case No. 2:26-cv-01128-RFB-MDC<br><br>**ORDER DENYING PLAINTIFFS' MOTION (ECF NO. 25); and REPORT AND RECOMMENDATION TO DISMISS THIS ACTION WITHOUT PREJUDICE** |

In this action, *pro se* plaintiffs attempt to assert shareholder derivative claims against defendants. Plaintiffs initiated this action on April 10, 2026. *ECF No. 1*. On September 24, 2026, I issued an Order ("09/24/2026 Order") (ECF No. 23) stating that plaintiffs cannot maintain derivative claims *pro se* and directing them to: (1) retain counsel in this case and (2) to show cause why this action should not be dismissed for failure to file proofs of service regarding defendants. The deadline for plaintiffs to comply with my 09/24/2026 Order has passed and plaintiffs have not retained counsel or shown cause. I therefore **ORDER t**hat plaintiffs' *Motion for Judicial Referral* ("Referral Motion") (ECF No. 25) be **DENIED** and **RECOMMEND** that this action be **DISMISSED** without prejudice. My reasoning is as follows.

## I. GENERAL LEGAL PRINCIPLES

Parties are required to follow court orders. *Hinostroza v. Denny's Inc.*, No. 2:17-cv-02561-RFB-NJK, 2019 WL 236714, at *2 (D. Nev. January 16, 2019). The Court has "broad discretion to impose sanctions" when a party does not obey an order. *Official Airline Guides, Inc. v. Goss,* 6 F.3d 1385, 1397 (9th Cir. 1990). The Court can impose sanctions pursuant to Rule 16(f)(1)(C) of the Federal Rules of Civil Procedure. Under that rule, the Court may impose sanctions when a party "fails to obey a scheduling or other pretrial order." *Id.* A finding of bad faith under Rule 16 is not required. Sanctions

per Rule 16 may be imposed even when disobedience is unintentional. *See Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001). The Court may also impose “any and all appropriate” sanctions pursuant to Local Rule IA 11-8. LR IA 11-8.

Furthermore, district courts have the inherent power to control their dockets and “[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal” of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party’s failure to obey a court order or comply with local rules. *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for violations of pretrial orders, the court must consider: (1) the public’s interest in expeditious resolution of litigation; (2) the court’s need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

## III. ANALYSIS REGARDING DISMISSAL

The first two factors, the public’s interest in expeditiously resolving this litigation and the Court’s interest in managing its docket, weigh in favor of dismissal of this action. Plaintiffs have chosen not to comply with my 09/24/2026 Order. Plaintiffs did not file any proofs of service or retain counsel. Their 09/26/26 Letter (ECF No. 24), simply and vaguely states that, after “speaking with attorneys” they believe their Complaint should be amended. Plaintiffs’ 09/26/26 Letter is thus non-responsive to my 09/24/26 Order and fails to show cause why this action should not be dismissed. As previously determined, *pro se* plaintiffs cannot maintain this shareholder derivative action without retaining

counsel. *See Romman ex rel. Yuhe Int'l, Inc. v. Zhentao Gao*, No. 2:11-CV-01178-MMD, 2013 WL 1811972, at *1 (D. Nev. April 29, 2013). The third factor, risk of prejudice to the defense, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives before the party has disobeyed a Court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the Court's Order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424.

Litigation in this case cannot progress without a plaintiffs retaining counsel and complying with Court orders. The only alternative is to enter another order setting another deadline. However, issuing another deadline in these circumstances will only delay the inevitable and further squander the Court's finite resources. Setting another deadline is thus not a meaningful alternative and the fifth factor favors dismissal. Plaintiffs will also not be prejudiced by this Report and Recommendation because they will have an opportunity to object.

After weighing these dismissal factors, I find that they weigh in favor of dismissing this action. For the reasons discussed in this Order and my earlier Order (ECF No. 23), this action should be dismissed at this time.

## IV. PLAINTIFFS' REFERRAL MOTION

In their Referral Motion, plaintiffs acknowledge that they cannot maintain this action *pro se* and request that the Court "formally refer[] this consolidated record to the Criminal Fraud Division of the United States Department of Justice and the Division of Enforcement of the Securities and Exchange Commission for appropriate investigation and enforcement action." *ECF No. 25* at 4. However, "the Executive Branch has exclusive authority and absolute discretion… to prosecute a case" and the Court cannot help direct executive branch agencies to open investigations or begin enforcement actions. *Anthony v. Cnty of San Diego*, No.: 25-cv-00310-DMS-MMP, 2025 WL 4076513, at *2 (S.D. Cal. December 3, 2025) (citing *United States v. Nixon*, 418 U.S. 683, 693 (1974)) (internal quotation marks omitted). Plaintiffs also identify no legal authority compelling the court to refer this action as they request. Therefore, I deny plaintiffs' Referral Motion.

ACCORDINGLY,

**I ORDER** that plaintiffs' *Motion for Judicial Referral* (ECF No. 25) is **DENIED.**

**I FURTHER RECOMMEND** that this action be **DISMISSED** without prejudice because *pro se* plaintiffs did not comply with my prior Order (ECF No. 23) and failed to retain counsel.

Dated: November 10, 2026.

IT IS SO ORDERED and RECOMMENDED.

_______________________________
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).

This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.